[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10305
Non-Argument Calendar

_____

D.C. Docket No. 1:98-cr-00044-TFM-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES BAKER, III,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 19, 2021)

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Baker appeals his 60-month sentence imposed on the revocation of his term of supervised release.  He raises two arguments on appeal.  First, he argues that the district court erred in suggesting that it lacked authority to consider that his felony was no longer a Class A felony under the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 ("First Step Act"), when imposing its revocation sentence.  Second, he argues that, because of the First Step Act's changes, his sentence was procedurally unreasonable.

I.

We ordinarily review a district court's revocation of supervised release for an abuse of discretion.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  However, where a defendant fails to raise an issue below, we review for plain error.  *Id.*  To show plain error, the defendant must demonstrate that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights.  *Id.*  If all three conditions are met, we may, in our discretion, correct an error if it "seriously affected the fairness, integrity, or public reputation of the judicial proceedings."  *Id.* (brackets and quotations omitted).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits.  18 U.S.C. § 3582(c)(1)(B); *see United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020).

2

The First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment. *Jones*, 962 F.3d at 1297.

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine offenses. Fair Sentencing Act; *see Dorsey v. United States*, 567 U.S. 260, 268-69 (2012) (detailing the history that led to enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack and powder cocaine offenses was disproportional and reflected race-based differences). Section 2 of the Fair Sentencing Act changed the quantity of crack necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)-(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012). The Fair Sentencing Act did not expressly make any changes to § 841(b)(1)(C), which provides for a term of imprisonment of not more than 20 years for cases involving quantities of crack that do not fall within § 841(b)(1)(A) or (B), i.e., quantities below 28 grams. *See* Fair Sentencing Act § 2(a); 21 U.S.C. § 841(b)(1)(C).

3

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses provided under the Fair Sentencing Act. *See* First Step Act § 404.  Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  *Id*. § 404(b).  The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010."  *Id.* § 404(a).  The First Step Act further provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  *Id*. § 404(c).

A district court may revoke a defendant's supervised release and require him to serve all or part of his term in prison if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release."  18 U.S.C. § 3583(e)(3); *see also United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006).  Revocation of supervised release is not punishment for a defendant's new offenses that violate the conditions of his supervised release.  *Johnson v. United States*, 529 U.S. 694, 699-701 (2000).  Rather, post-revocation penalties are "treat[ed] . . . as part of the penalty for the initial offense."  *Id.* at 700.

A Class A felony has a statutory maximum penalty of life in prison, while a Class C felony has a maximum of 25-years, but no less than 10-years' imprisonment. 18 U.S.C. § 3559(a)(1). The maximum term of imprisonment that a court may impose upon revocation of supervised release is five years for a Class A felony and no more than two years for a Class C felony. *Id.* § 3583(e)(3).

## II.

We turn to Baker's first argument – i.e., that the district court erred when it failed to consider reducing his original sentence pursuant to the First Step Act such that his underlying felony conviction would be considered a Class C felony with a maximum sentence of 24 months rather than a Class A felony with a maximum sentence of 60 months. We hold that Baker did not fairly raise this issue below, so we review for plain error. Although Baker argues that his statements during his allocution alerted the district court to the issue, we do not agree. During his allocution, Baker cited his earlier successful motion to reduce his sentence but decried the court's failure to award him a more substantial "two-point reduction." He asserted that he sought this reduction in a motion he filed by mail in 2015, that the district court apparently never received. Because the First Step Act was passed in 2018, Baker clearly did not reference it in that 2015 motion. Although Baker's allocution to the court was arguing for leniency, including his feeling that his original sentence was unfair in light of Congress' reduction of sentencing for crack

5

cocaine (implicitly referencing the Fair Sentencing Act), he never mentioned the First Step Act and never moved for First Step Act relief.  The court's vague statement about a First Step Act motion being a separate matter cannot create his argument when he never mentioned it himself.  Sealing the fact that First Step Act relief was not being argued, Baker's attorney never mentioned the First Step Act, never moved for First Step Act relief, and made statements and sought a sentence inconsistent with any First Step Act argument.  The attorney conceded that the maximum statutory sentence was 60 months, which was inconsistent with First Step Act relief that would mean the underlying felony conviction would have been a Class C felony with a 24-month maximum statutory sentence.  Similarly, the attorney's explicit request for a sentence between 24 and 30 months was inconsistent with the First Step Act argument which would have resulted in the 24-month statutory maximum.

Baker cannot show plain error.  We have stated that "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).  Section 404 of the First Step Act permits a defendant to file a motion to seek a two-point reduction.  The district court's statement that Baker's putative First Step Act motion was a separate matter from his revocation proceeding was

6

thus not plain error because there is nothing in the statute or binding case law that indicates it would be properly brought in such a proceeding, and certainly nothing indicating that the district court must <u>sua sponte</u> consider such relief in such a proceeding. Thus, because the statute did not explicitly resolve the issue and there is no precedent from the Supreme Court or this Court resolving it, the district court did not plainly err. Moreover, Baker has not established that his substantial rights have been affected; he has not established that the district court would have been inclined to exercise its discretion to reduce his sentence under the First Step Act if Baker had fairly raised the issue.

## III.

We review the procedural reasonableness of a sentence for abuse of discretion. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011). We, generally, ensure that a sentence was procedurally reasonable by reviewing whether the district court miscalculated the Guideline range, treated the Sentencing Guidelines as mandatory, failed to consider the § 3553(a) factors, based the sentence on clearly erroneous facts, or failed to adequately explain the sentence. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). The district court may impose any sentence within the statutory maximum, and a sentence in excess of the chapter seven range is permitted so long as it is within the range imposed by Congress. *United States v. Hofierka*, 83 F.3d 357, 362-63 (11th Cir. 1996).

Baker's argument regarding the procedural reasonableness of his sentence centers on the district court's failure to reclassify his underlying conviction under the First Step Act.  Because we hold that was not plain error, his argument fails.

AFFIRMED.